# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:12CR00022-009 |
| v. | ) **OPINION** |
| LESHAY NICOLE RHOTON, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Leshay Nicole Rhoton, Defendant Pro Se.*

The defendant Leshay Nicole Rhoton, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, and the deadline for Rhoton to respond has passed. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty, the defendant was sentenced by this court on September 5, 2013, to a total term of 240 months imprisonment, consisting of 240 months on Count Five of the Indictment. Count Five charged the defendant with conspiracy to possess with the intent to distribute 280 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846.

In her § 2255 motion, the defendant contends her counsel was ineffective because he failed to file a notice of appeal after being asked to do so and failed to

challenge the quantity and purity of drugs attributable to the defendant. Rhoton's 2255 motion must be dismissed because it is untimely. There is a one-year statute of limitations for filing a motion to vacate under § 2255 which runs from the date on which her judgment of conviction became final. 28 U.S.C. § 2255(f)(1). The judgment in a criminal case becomes final when the time for filing an appeal passes. *Clay v. United States*, 537 U.S. 522, 532 (2003). A defendant can extend the statute of limitations (1) if the government prevents a defendant from filing a motion; (2) if the Supreme Court articulates a "newly recognized" right, which is made retroactively applicable to cases on collateral review; or (3) if new facts emerge that support a claim which is asserted within one year of the date the facts "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)-(4).

Because Rhoton was sentenced on September 5, 2013, the one-year period started from September 16, 2013, the Monday following the tenth day after the district court entered its judgment. Rhoton filed her present motion on April 1, 2019, more than five years after her judgment became final. In her motion, she did not identify any factors which would allow her to extend the statute of limitations under § 2255(f)(2)-(4). After filing her motion, she was ordered by the court to explain why her motion should be deemed timely. Order, ECF No. 844. In her subsequent pleading, as to Ground One, Rhoton argues that the Supreme Court

articulated a newly recognized right in *Garza v. Idaho*, 139 S. Ct. 738 (2019). She does not offer any reason why Ground Two should not be dismissed as untimely.

In *Garza*, the Supreme Court held that there is a presumption of prejudice when counsel's deficient performance causes a defendant not to pursue an appeal she would otherwise have pursued, even when the defendant waived her right to appeal in the course of pleading guilty. *Id.* at 742. This is not a newly recognized right. As noted in the *Garza* decision, the Supreme Court had held in 2000 that "when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed 'with no further showing from the defendant of the merits of his underlying claims.'" *Id.* (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). Furthermore, the Supreme Court has not declared that its holding in *Garza* applies retroactively. *Garza*, therefore, does not serve to extend the statute of limitations for Rhoton's claims. Rhoton's § 2255 motion is time-barred.

Because the § 2255 motion is untimely, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: January 3, 2020

/s/ JAMES P. JONES
United States District Judge